IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH KAY McCALL, | ) | No. C 07-5621 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF PARTIAL** |
| | ) | **DISMISSAL AND OF SERVICE;** |
| | ) | **DIRECTING DEFENDANTS TO** |
| | ) | **FILE DISPOSITIVE MOTION OR** |
| v. | ) | **NOTICE THAT SUCH MOTION IS** |
| | ) | **NOT WARRANTED; DENYING** |
| SAN FRANCISCO SHERIFF'S DEPT., | ) | **APPOINTMENT OF COUNSEL** |
| | ) | |
| Defendants. | ) | **(Docket No. 4)** |
| _____ | | |

## INTRODUCTION

Plaintiff, an inmate in the San Francisco County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983, alleging that a jail employee used excessive force against him. The Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and orders service thereof. Plaintiff has also filed a motion to proceed *in forma pauperis*, which is GRANTED in a separate order.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

Plaintiff alleges that Defendant Sergeant Adams removed Plaintiff's wedding ring from his right hand. In doing so, Sergeant Adams flipped Plaintiff over Adams's back, Plaintiff struck his head on the concrete floor and fell unconscious. When he regained consciousness, Sergeant Adams had her feet on Plaintiff's wrist as she forced the ring off of his finger. Sergeant Adams then dragged Plaintiff by his injured writs to his cell, about 30 yards away. The allegations in the Complaint, when liberally construed, states a cognizable claim that Sergeant Adams violated his constitutional right to be free from the use of excessive force.

Plaintiff also names as Defendants the San Francisco Sheriff's Department and the City and County of San Francisco. Plaintiff makes no allegations against these Defendants, and thus appears to be relying on a theory that they are liable for the actions of their employee, Sergeant Adams. This does not suffice to plead a § 1983 claim, however. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); *see also Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding local government cannot be liable for damages based on actions of one of its employees unless employee inflicted constitutional harm).[1] Accordingly, Plaintiff's

---

[1]To impose municipal liability under § 1983 for a violation of constitutional rights, a Plaintiff must show: (1) that the Plaintiff possessed a constitutional right of

claims against these Defendants will be DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim against Defendant Sergeant Adams. The claims against the other Defendants are DISMISSED and the Clerk shall TERMINATE such Defendants from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Complaint and all attachments thereto, and a copy of this order upon **Sergeant Adams** at the **San Francisco County Jail**. The Clerk shall also <u>mail a courtesy copy of the Complaint, all attachments thereto, and this order to the San Francisco City Attorney's Office</u> and serve a copy of this order on Plaintiff.

3. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhun*e, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

b. Any motion for summary judgment shall be supported by adequate factual

which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Pluimff makes no allegations of any policy of the municipal Defendants, let alone a policy that satisfies these elements of a viable § 1983 claim.

1   documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

2   **Defendants are advised that summary judgment cannot be granted, nor qualified**

3   **immunity found, if material facts are in dispute.  If any defendant is of the opinion that**

4   **this case cannot be resolved by summary judgment, he shall so inform the Court prior to**

5   **the date the summary judgment motion is due**.

6          All papers filed with the Court shall be promptly served on the Plaintiff.

7          4.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and

8   served on defendants no later than **thirty (30) days** from the date defendants' motion is

9   filed.

10          a.  In the event the defendants file an unenumerated motion to dismiss

11   under Rule 12(b), plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d

12   1108, 1119-20 & n.4 (9th Cir. 2003):

13          If defendants file an unenumerated motion to dismiss for failure to
        exhaust, they are seeking to have your case dismissed.  If the motion is
14          granted it will end your case.
              You have the right to present any evidence you may have which
15          tends to show that you did exhaust your administrative remedies.  Such
        evidence may be in the form of declarations (statements signed under
16          penalty of perjury) or authenticated documents, that is, documents
        accompanied by a declaration showing where they came from and why
17          they are authentic, or other sworn papers, such as answers to
        interrogatories or depositions.
18              If defendants file a motion to dismiss and it is granted, your case
        will be dismissed and there will be no trial.
19

20          b.  In the event defendants file a motion for summary judgment, the Ninth Circuit

21   has held that the following notice should be given to plaintiffs:

22          The defendants have made a motion for summary  judgment by which
        they seek to have your case dismissed.  A motion for summary judgment under
        Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
23              Rule 56 tells you what you must do in order to oppose a motion for
        summary judgment.  Generally, summary judgment must be granted when there
24          is no genuine issue of material fact--that is,  if there is no real dispute about any
        fact that would affect the result of your case, the party who asked for summary
25          judgment is entitled to judgment as a matter of law, which will end your case.
        When a party you are suing makes a motion for summary judgment that is
26          properly supported by declarations (or other sworn testimony), you cannot
        simply rely on what your complaint says.  Instead, you must set out specific facts

27

28                                                     4

in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

(1986) (holding party opposing summary judgment must come forward with evidence showing

triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

failure to file an opposition to defendants' motion for summary judgment may be deemed to be a

consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges*

*v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.  Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's

opposition is filed.

6.  The motion shall be deemed submitted as of the date the reply brief is due.  No

hearing will be held on the motion unless the Court so orders at a later date.

7.  All communications by the plaintiff with the Court must be served on defendants, or

defendants' counsel once counsel has been designated, by mailing a true copy of the document

to defendants or defendants' counsel.

8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

required before the parties may conduct discovery.

9.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address and must comply with the court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

1      10.  Plaintiff's motion for appointment of counsel (docket no. 5) is DENIED for

2  want of exceptional circumstances.  This denial is without prejudice to the Court's sua

3  sponte reconsideration.

4      This order terminates docket no. 4.

5      IT IS SO ORDERED.

6  DATED:  April 3, 2008

7                                      _____
                                         JEFFREY S. WHITE
8                                        United States District Judge

6

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6       KENNETH K MCCALL,                    Case Number: CV07-05621 JSW

                        Plaintiff,
7                                            **CERTIFICATE OF SERVICE**

8            v.

9       SAN FRANCISCO SHERIFFS DEPT et al,

                        Defendant.
10      _____/

11

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
12    Court, Northern District of California.

13    That on April 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
      copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
14    said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
      receptacle located in the Clerk's office.

15

16

17    Kenneth McCall
      2337817
18    P.O. Box 67
      San Bruno, CA 94066
19
      Dated: April 3, 2008
20                                           *Jennifer Ottolini*
                                             Richard W. Wieking, Clerk
21                                           By: Jennifer Ottolini, Deputy Clerk

22

23

24

25

26

27

28