DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3911
Facsimile:     (415) 554-3837
E-Mail:         meredith.osborn@sfgov.org

Attorneys for Defendant
SAN FRANCISCO SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KAY MCCALL, aka KENNETH MCCOY,<br><br>Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, (SGT. ADAMS (MISS) #6611, CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendants. | Case No. CV 07-5621 JSW<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT, U.S.C. § 1983**<br><br>**DEMAND FOR A JURY TRIAL**<br><br>Date Action Filed:    November 6, 2007<br><br>Trial Date:    Not set |

Defendant Sgt. Adams ("defendant") by and through her attorneys of record, hereby answers the complaint filed on or about November 6, 2007 ("complaint"). Sgt. Adams denies all allegations of wrongdoing and all allegations giving rise to liability. Defendant responds only to the allegations that remain following the Court's Order of Partial Dismissal and of Service, dated April 3, 2008.

**JURISDICTIONAL AND PARTY ALLEGATIONS**

1. Defendant admits that plaintiff has filed suit under 42 U.S.C. section 1983.

2. Defendant admits this court has jurisdiction over this lawsuit, but denies any unlawful act was committed in this jurisdiction, except by plaintiff.

3. Defendant admits this court is the proper venue for this lawsuit, but denies any unlawful act was committed in this jurisdiction, except by plaintiff.

## FACTUAL ALLEGATIONS

4. Defendant admits that she is a Sergeant with the San Francisco Sheriff's Department, and that she was acting in the course and scope of her employment during her interactions, if any, with plaintiff.

5. Defendant admits that on July 3, 2007, plaintiff was an inmate in the San Francisco County Jail.

6. Defendant admits that there is a grievance procedure at the San Francisco County Jail.

7. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegation that plaintiff presented the facts alleged in his complaint through the grievance procedure.

8. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegation that plaintiff was wearing a wedding ring.

9. Defendant admits she removed rings plaintiff had on his fingers.

10. Defendant denies that the rings were breaking plaintiff's skin.

11. Defendant denies that plaintiff was grabbed around his neck between his head and shoulders.

12. Defendant denies that she flipped plaintiff over her back.

13. Defendant denies that plaintiff struck his head on the concrete floor and fell partially or totally unconscious.

14. Defendant denies that she put her feet on plaintiff's wrist as she forced a ring off his finger.

15. Defendant denies that she dragged plaintiff by his wrist to his cell.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

(Failure To State A Claim For Relief)

Plaintiff's complaint and each cause of action fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendant enjoys qualified immunity from liability under 42 U.S.C. § 1983 under the doctrine announced in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

## THIRD AFFIRMATIVE DEFENSE

(Law Enforcement Immunity)

Law enforcement personnel are immune from any liability therein under the common law doctrine of immunity of law enforcement personnel executing statutes in good faith, which statutes are presumed valid at the time of such execution.

## FOURTH AFFIRMATIVE DEFENSE

(Privileged Use of Force)

Any force used by defendant was the lawful, legally justified exercise of the right of self-defense and defense of the public and was therefore privileged by law. No more force was used on plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

## FIFTH AFFIRMATIVE DEFENSE

(Privileged and Justified Conduct)

Defendant's conduct at all times material herein was privileged and/or justified under applicable law.

## SIXTH AFFIRMATIVE DEFENSE

(Reckless Conduct)

At all times mentioned in plaintiff's complaint, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint. Such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff. As a consequence, plaintiff's claim are barred.

### SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

By reason of his own acts and omissions, plaintiff is estopped from seeking any recovery from defendants.

### EIGHTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the happening of the incident set forth in the complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in this complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

### NINTH AFFIRMATIVE DEFENSE

(Probable Cause)

At all times material hereto defendant had reasonable and/or probable cause to detain and restrain plaintiff.

### TENTH AFFIRMATIVE DEFENSE

(Valid Law Enforcement Purpose)

All activities taken defendant regarding the allegations in the complaint were undertaken for valid law enforcement purposes.

### ELEVENTH AFFIRMATIVE DEFENSE

(No Intent to Deprive of Constitutional Rights)

Defendant at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive plaintiff of any rights under the federal or state constitutions, federal or state statutes, thereby entitling her to immunity from suit.

### TWELFTH AFFIRMATIVE DEFENSE
(Good Faith)

Defendant was at all times material hereto acting with subjective and/or objective good faith, such that any claim for relief that plaintiff may have is barred by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Malice or Bad Faith)

Defendant did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did she intend to harm or deprive plaintiff of any rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

The complaint and each and every cause of action therein are barred because plaintiff failed to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Frivolous Lawsuit)

As and for a separate, distinct affirmative defense to the Complaint, defendant alleges that plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Prison Litigation Reform Act)

Defendant alleges that all or some of plaintiff's claims for relief are barred by the Prison Litigation Reform Act, including but not limited to the requirement of exhaustion of administrative remedies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction Over Defendant)

Defendant alleges that the Court lacks personal jurisdiction over defendant as a result of plaintiff's failure to comply with the Federal Rules of Civil Procedure and the requirements of federal due process.d

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that the Complaint, and each and every claim set forth therein, is barred by the applicable statute of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE
(Failure to Prosecute)

As a separate and affirmative defense to the Complaint and to every allegation therein, defendant alleges that the Complaint should be dismissed based on plaintiff's failure to diligently prosecute this action, and his failure timely to effect service of process.

### TWENTIETH AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that plaintiff has failed to exhaust his administrative remedies.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

<u>Jury Trial Demanded</u>

Defendant demands a trial by jury on all causes of action and all defenses.

<u>Prayer</u>

WHEREFORE, Defendant prays as follows:

1. That plaintiff take nothing by way of his complaint.
2. That the Court dismiss plaintiff's complaint with prejudice.
3. That the Court enter judgment in defendant's favor and adversely to plaintiff on the complaint and each cause of action therein.

1      4.   That the Court award defendant her attorneys fees and costs of suit.

2      5.   That the Court provide such additional relief is it deems appropriate.

4  DATED: June 24, 2008

                         DENNIS J. HERRERA
                         City Attorney
                         JOANNE HOEPER
                         Chief Trial Deputy

                    By:_____/s/_____
                         MEREDITH B. OSBORN
                         Deputy City Attorney

                         Attorneys for Defendant City and
                         County of San Francisco

**PROOF OF SERVICE**

I, MICHAEL K. LUCERO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On June 24, 2008, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT, U.S.C. §§ 1983 AND DEMAND FOR A JURY TRIAL**

on the following persons at the locations specified:

KENNETH KAY MCCALL
Prisoner Number 2334817
P. O. Box 67
San Bruno, CA 94066

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed June 24, 2008, at San Francisco, California.

_____
MICHAEL K. LUCERO